UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPERATING ENGINEERS LOCAL 324
PENSION FUND, et al.,

        Plaintiffs,

vs.                              Case No. 05-CV-71419
                                HON. GEORGE CARAM STEEH

ALLIANCE SERVICE GROUP, et al.,

        Defendant.

_____/

ORDER GRANTING PLAINTIFFS' MOTION TO SET ASIDE DEFAULT (#14)
ENTERED AGAINST DEFENDANTS KOLAROV AND TORRES,
DISMISSING DEFENDANTS KOLAROV AND TORRES WITHOUT PREJUDICE
FOR FAILURE TO SHOW CAUSE AS REQUIRED UNDER
COURT'S AUGUST 16, 2005 AND SEPTEMBER 6, 2005 ORDERS (#11, #13),
AND ENTRY OF FINAL JUDGMENT UNDER RULE 54(b).

By Orders of August 16, 2005 and September 6, 2005, plaintiffs were ordered to show cause by September 16, 2005 why this lawsuit seeking recovery of allegedly delinquent fringe benefit and pension fund contributions should not be dismissed for lack of prosecution. The court ordered:

> . . . . Plaintiffs shall respond in writing or otherwise show good cause on or before September 16, 2005 why this action should not be dismissed for lack of prosecution. Should plaintiffs file a motion for default judgment on or before September 16, 2005, plaintiffs shall also file a separate response to this show cause order indicating same.

September 6, 2005 Order. Plaintiffs did not file a separate response to the show cause order, and instead filed two motions on September 27, 2005: (1) motion to set aside the Clerk's entry of defaults as against defendants Samantha Kolarov and Steven Torres on

plaintiff's admission that these defendants were never served with a summons and a copy of the complaint; (2) motion for Clerk's entry of default judgment against defendants Alliance Service Group, Inc. ("ASG") and Larry Boatwright in the amount of $39,566.18 pursuant to Federal Rule of Civil Procedure 55(b)(1).  The Clerk entered default judgment under Rule 55(b)(1) against ASG and Boatwright under Rule 55(b)(1) on September 27, 2005.

Plaintiffs' filed their motion for the Clerk's entry of default judgment against ASG and Boatwright, and motion to set aside the entries of default against Kolarov and Torres, 11 days after the September 16, 2005 date for showing cause expired.  Nonetheless, in construing plaintiffs' actions in a manner that secures the just, speedy, and inexpensive determination of this action[1], the court finds that: (1) plaintiffs have shown cause for not dismissing ASG and Boatwright from this lawsuit by securing a default judgment against ASG and Boatwright, and; (2) plaintiffs have not shown cause why Kolarov and Steven Torres should not be dismissed from this lawsuit for lack of prosecution, consistent with plaintiffs' admissions that Kolarov and Torres have yet to be served with the April 12, 2005 complaint.  Accordingly,

Plaintiffs' motion to set aside the Clerk's entry of defaults as against defendants Samantha Kolarov and Steven Torres is hereby GRANTED.  The entries of Kolarov's default (#9) and Torres default (#10) are hereby SET ASIDE.  Defendants Kolarov and Torres are hereby DISMISSED from this lawsuit, without prejudice, for plaintiffs' failure to show cause under the court's August 16, 2005 and September 6, 2005 Orders.  With the

---

[1] See Federal Rule of Civil Procedure 1.

dismissal of Kolarov and Torres, the default judgment entered by the Clerk against defendants ASG and Boatwright in the amount of $39,566.18 is hereby deemed and ORDERED to be the final judgment in this lawsuit by operation of Federal Rule of Civil Procedure 54(b), all claims against all parties having been adjudicated.

    SO ORDERED.

                      s/George Caram Steeh
                      GEORGE CARAM STEEH
                      UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on September 29, 2005, by electronic and/or ordinary mail.

                      s/Josephine Chaffee
                      Secretary/Deputy Clerk